Abel Acosta
Clerk
PO Box 12308
Austin, Tx 78711

MOTION DENIED
DATE: 4-24-15
BY: PC

4-20-15
71,460-04

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 23 2015
Abel Acosta, Clerk

Re: Robert Brown III - WR-71,460-04

Dear Mr. Acosta

   Can you please file this Emergency Motion for Access to Courts ¿ present it to the Court so they can put it on the docket ¿ set a hearing.

Sincerely,

Robert J. L III



| TEXAS DEPARTMENT OF CRIMINAL JUSTICE | NUMBER: | ATC-050 (Rev. 4) |
|---|---|---|
| | DATE: | August 1, 2005 |
| ACCESS TO COURTS, COUNSEL & PUBLIC OFFICIALS | PAGE: | 1 of 2 |
| | SUPERSEDES: | AM-03.81.050 (Rev. 3) January 1, 1992 |

**SUBJECT:** WHEN AND WHERE LEGAL WORK MAY BE PERFORMED

**PURPOSE:**

To establish when and where legal work may be conducted and provide guidance for an offender who requests assistance from another offender.

**PROCEDURES:**

I. Location and Times

    A. Offenders may conduct legal work during their off work hours either in their housing area, in the unit's library, or in other locations specified by the unit Warden.

    B. Times for law library usage must be specified on the law library schedule, and such times must take into consideration <u>all</u> offenders' work hours and scheduled activities.

        1. "Scheduled Activities" are programmatic activities and shall consist of both academic and vocational classes at the elementary and secondary school levels (Grades 1-12).

        2. Offender college hour(s), craft shop, recreation, gymnasium, church, counseling, etc., are not programmatic activities.

II. Offenders Assisting Other Offenders on Legal Matters:

    A. A "Same-Session Visit" is a visit that each of two (2) general population offenders must request, via an I-60 to the unit Access to Courts Supervisor requesting to be scheduled to attend a regularly scheduled law library session for the sole purpose of discussing or preparing legal issues. Priority in scheduling these same session visits shall be given to offenders articulating an urgent need (e.g. court deadline, co-parties, etc.) for the visit.

(Exibit A)

B.  The rules permit unit law libraries to enforce a "no talking without permission" rule. The purpose of this rule is to prohibit some offenders from disrupting others in the law library. Unless the permission of the law library staff is obtained, only two offenders at a time may work together. Under normal circumstances, there is no provision to deny such legal discussions, and the law library staff is to facilitate such legal work. However, the "no talking without permission" rule can be selectively enforced (i.e., used when needed for certain offenders), and these offender's discussions may be limited to 15-20 minutes. Whereas, other offenders may be permitted to quietly converse regarding legal matters the entire law library session.

C.  Due to different work assignments or scheduled activities, two (2) offenders may be precluded from attending a regularly scheduled law library session at the same time. In such a case, the visit shall be scheduled like that of segregated offenders (ATC-055). One of the offenders must submit a request to the unit Access to Courts Supervisor requesting an offender/offender legal visit. The unit Access to Courts Supervisor shall arrange a time in which the two offenders may be assigned to the law library to work together. Each such legal visit requires a request from one of the offenders, and during the legal visit offenders must actively engage in some form of legal work. Social visits are prohibited.

D.  Under normal, routine conditions and security concerns, general population same session visits cannot be denied if the offenders engage in legal work.

E.  Offenders on the same or other units may correspond about legal matters, provided that they are co-parties in a currently active legal matter or an offender is providing a relevant witness affidavit in a currently active legal matter (BP-03.91, "Uniform Offender Correspondence Rules" and ATC-034, "Correspondence Qualification and Supply Issuance").

F.  The unit Access to Courts Supervisor shall attempt to assist an offender with a disability that potentially impairs his ability to obtain access to courts.

G.  The unit Access to Courts Supervisor shall assist monolingual (Spanish) offenders through the use of unit interpreters or by providing names of bilingual offenders who may assist them. A list of monolingual/Spanish-speaking offenders on a specific unit is available on the TDCJ Mainframe INFOPAC System.

Courts," Johnson II, 910 F. Supp. @ 1212, Then BP 03.81 Dated April 20, 2012 States officers, employees, or agents of TDCJ shall not intefere witL, harass, punish, or otLerwise penalize any offender as a result of participation in litigation, either as a party or a witness, or for filing or threatening to file a lawsuit, grievance, appeal, or otLer complaint about prison conditions or official misconduct, or for discussing witL otLers or writing in accordance witL TDCJ rules & regulations to otLers about, actual or potential legal action or otLer forms of grievance & complaint. So, as you can clearly see tLat Lib III Baker is violating Board Policy 03.81 because tLere wasn't a legitamate reason to only allow 20 minutes for a Same Session visit to discuss & prepare legal work. There is definately ample space to do it since tLey have "Never" used tLe overflow in tLe general library & since Lib III Baker has arrived he's never used tLe Saturday Session. You can clearly see that all his changes are to discourage, retalliate & harass because of using tLe grievance system, when I have tLe rigLt & entitled to access to courts. Because in actuality he's changed tLe name to "Denial of Access to Courts". WheN tLe original name is "Access to Courts" because if you have tLe very smallest typo in your request he'll deny your request. For example every offender witL a job title of Inside Medical has tLe work hours of 6a-2p. Well you could accidently forget to put tLe time or accidently put 3pm & he will deny your request. Which is very petty when tLere is only one time for tLat job. He tries to limit tLe amount of people in tLe law library. On average tLere's only about 20 people in tLere when it holds 46 & tLe overflow holds 30 more.

# PRAYER

Wherefore, Premises Considered the Applicant respectfully Prays this Honorable Court GRANTS this Motion for Access to Court. To change the xtra time from 30 mins to 90 mins & the Same Session/Legal visits from 20 mins to 90 mins. Applicant further PRAYS this Court GRANT all other relief not explicitly requested, Yet May be entitled to as a Matter of Law & equity

Respectfully Submitted

_Robert J ___

Applicant Pro Se

# CERTIFICATE OF SERVICE

This is to Certify that on April 20th, 2015 a copy of the foregoing was Sent to the Court of Criminal Appeals P.O. Box 12308 Austin, Tx 78711, the D.A. Jana Duty 405 S. Martin Luther King Box 1 Georgetown, Tx 78627 & to Vicky Barrow - Regional Dir. for Access to Courts for TDCJ 1060 Hwy 190 E Huntsville, Tx 77340

_Robert J ___

April 20th, 2015

No. WR-71,460-04

Ex Parte

§ In the Court of
§
§
§ Criminal Appeals of Texas

Robert Brown III

# HEARING

I respectfully request a hearing regarding this Motion for Access to Courts & request that this matter to be put on the Court Docket. The Court hereby GRANTS/DENIES a hearing on this Motion.

The hearing date will be ————————

Signed this —— day of —— 2015

———————————————
Presiding Judge

NO. WR-71,460-04

| | | |
|---|---|---|
| Ex Parte | § | In the Court of |
| | § | |
| Robert Brown III | § | Criminal Appeals of Texas |

## MOTION FOR ACCESS TO COURT

To The Honorable Judge of Said Court:

Now Comes Robert Brown III, Applicant in the above-entitled numbered cause makes that his Motion for Access to Court; in support there of would respectfully show unto the Court as follows:

### I.

The Applicant request that this Court order Lib III Robert Baker, the Access to Court Supervisor for the French Robertson to allow me a additional 90 minutes of extra time 5 days a week. Also for him to allow me a additional 90 minutes for a legal visit/ Same Session 5 days a week to prepare my Habeas Corpus; to get assistance from another offender / "Jailhouse Lawyer." According to Access to Courts-50 Rules for TDCJ Law Library's it states the following:

## II. Offenders Assisting Other Offenders on Legal Matters:

A. A "Same-Session Visit" is a visit that each of two (2) general population offenders must request, via an I-60 to the Unit Access to Courts Supervisor requesting to be scheduled to attend a regularly scheduled law library session for the sole purpose of discussing or preparing legal issues.

B. The rules permit unit law libraries to enforce a "NO talking without permission" rule. The purpose of this rule is to prohibit some offenders from others disruptive behaviors in the law library. Under normal circumstances, there is no provision to deny such legal work. However, the "No talking without permission" rule can be selectively enforced; these offender's discussions may be limited to 15-20 minutes. Whereas, other offenders may be permitted to quietly converse regarding legal matters the "ENTIRE" law library session (Refer to Exibit A) the TDCJ Access to Courts-50 When? Where legal work may be performed.

## II

So, as you can clearly see that Lib III Robert Baker Unit Access to Courts Supervisor is violating ATC-50; My 1st Amendment rights. Because I need adequate, meaningful

[3] timely time to prepare [3] present my case. Prior to Lib. III R. Baker taking over the law library around June 2013 the 3 previous law library supervisors Greenway, Bardin [3] Petty allowed us to have 2hrs of x-tra time per day for 5 days a week. Meaning we had 20 hrs of access to the law library per week as well as a 2hr legal visit per day for 5 days to either receive assistance or give assistance with legal work. So, that had been going on atleast since Jan. 2007. Which is when I arrived on the unit. Now he is starting to take more [3] more books off the holding list [3] out the law library to try [3] discourage us from fighting our case. There is a steady decline [3] constant rule changes in the negative when those rules were in place the previous 7yrs without any turmoil. According to Green v McCaskle 788 F.2d 1116 that I'm to have meaningful, Adequate, [3] timely time to access the law library. Then in Johnson v Avery 89 S.Ct 747 while there is technically no independent right to assist, prison officials may not prevent such assistance or retaliate for providing such assistance where no reasonable alternatives are available. Then in Gassler v Rayl 862 F.2d 706 - States Courts have recognized that prisoners are entitled to receive assistance from jailhouse lawyers where no reasonable alternatives are present [3] to deny this assistance denies the constitutional right of access to the courts. I'm only allowed a 20 minute visit which of course is not adequate time to discuss my case with a "Jail House" lawyer [3] get any type of meaningful help. Then I'm only allowed 30 minutes of x-tra time to do any type of addt'l research. Which of course is not adequate or meaningful.

# III.

It states in Lewis v Casey 116 S.Ct. 2174 that Adequate law libraries in prisons are one constitutionally acceptable method to assure meaningful access to courts, but alternative means are not necessarily foreclosed; local experimentation is encouraged, but any plan must be evaluated as a whole to ascertain its compliance with constitutional standards. 42 U.S.C.A § 1983; U.S.C.A Const. Amend 14. Then in Snyder v Nolen 380 F.3d 279,291(2004) it states in order to provide inmates a Meaningful right to access the courts, "States are required to provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights & other civil rights actions related to their incarceration, but in all other types of civil actions related to their incarceration, but in all other types of civil actions, States may not erect barriers that impede the right of access of incarcerated persons." Then in Hickson v Allison 928 SW 2d 678 it states not only must the prison maintain an adequate law library, prison authorities must provide the inmates with useful access to the law library, Then Green v Johnson 977 F.2d 1383 States that "Any deliberate impediment to access [to the courts], even a delay of access, may constitute a constitutional deprivation." Then if you refer to Woods v Smith 60 F.3d 1161,1164 (5th 1995) prison officials may not retaliate against or harass an inmate for exercising the right of access to courts...Then in In Re Bonilla 424 S.W 3d 528,532 (C.C.A 2013) prison regulations must not prohibit prisoners from assisting each other with habeas corpus applications & other legal matters because "jail-house lawyers" serve a role in assisting indigent prisoners who are unable to afford counsel & "Unable with reasonable adequacy to prepare their petitions "challenging their confinement.

## IV.

The law library at the French M. Robertson Unit is scheduled to be open Mon.-Fri from 4am - 5pm; on Saturdays as needed. The session times are from; 4a-6a, 7a-9a, 9a-11a, $12^3_p$-$2^3_p$; $2^3_p$-$4^3_p$. Well the 9a-11a; the $2_p$-$4^3_p$ are not adequate sessions because count generally doesn't clear til about 9:15a on a general basis so you don't make it to the law library til about $9^{30}$am. So, at minimum you are being deprived of 30 mins; the same goes for the $2^{30}_{pm}$ session. I'm requesting the law library logs as discovery for the last 6 months to prove my point. So, if you get either one of those sessions you aren't getting your minimum of 10hrs/week of law library access. Then the law library is not adequate because it has outdated books that are even stamped outdoted. Namely the Texas Digest, which is the way for us to look up & find the latest Texas cases. Then the Federal Reporter is supposed to go back 25yrs. However, it only goes back 22yrs (Fed 2D 710). This is all according to BP 03.81 Dated, April 20, 2013. Then the law library has a capacity of 46; overflow is located in the general library. However, I've "NEVER" seen them use the general library in the 8yrs I've been on this unit. See, the changes that Lib III Baker the Unit Access to Court Supervisor has done by changing the extra time from 2hrs to 30mins & the 2hr legal visit/same session to 20mins are not legitimate prison management modification but instead motivated by the animous by the Unit law library Supervisor towards the offenders. I'm being deprived of the meaningful, adequate & timely use of the law library

because I am indigent & in need of the assistance of a "jailhouse" lawyer. See, this very court remanded my case back to the trial court (WR-71,460-04) on 1-14-15, you gave the trial court 60 days to respond. Well I spoke to Lib III Baker on several occasions on getting x-tra time for a same session visit so I could prepare & formulate a response & he denied it. I asked him why & he told me that he didn't have to. I told him that he wasn't following ATC-050 & that he was misconstruing that policy to justify his new rules. So, I filed a grievance regarding this issue. The 1st grievance Number is 2015 _____ filed March 3, 2015 & the 2nd one was filed on April 6, 2015 & the # is 2015125255. See, the 2hrs for legal visits/same session visits & 2hrs have been in place at a minimum of 16yrs according to Offender Russell Reger TDC#747783. Lib III Baker is trying to discourage us from going to the law library & retalliate against us for using the grievance system. The unit or my building is constantly going on lock down where I don't have the much need access to the law library so, I can discuss my case with a "jail house" lawyer & formulate a proper response to the State's findings of facts as well as a response if this court grant's or denies my 11.07. See, Lib III Baker knows that Russell Reger is considered to be a Writ Writer/Jail house lawyer & tries to limit my access to him. So, after noting that "historically there has been a bias against inmates considered to be writ writers" by the TDCJ-ID the magistrate Judge concluded that this bias "restricts at least as a practical matter an inmate's access to the